IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:16cr542-MHT |
| | ) | (WO) |
| DARRIUS MARCEL MASTIN | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Darrius Marcel Mastin on January 12, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for January 29, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mastin in a speedy trial. On November 2, 2017, Mastin filed a motion to suppress;

on December 5, 2017, an evidentiary hearing was held; and, on January 3, 2018, the magistrate judge entered a recommendation to deny the motion. Defense counsel is now preparing objections to the recommendation, which are due on January 23, 2018. The present trial date is just six days (and four business days) later, which provides essentially no time for the government to respond to the objections and for the court then to consider the recommendation and the objections to it. Moreover, Mastin adds that, even if the court were able to reach a decision quickly, the present trial date does not provide him with enough time to evaluate his options in light of the court's decision. Considering the time defense counsel, the government, and the court need to address the recommendation, as well as the time Mastin needs to evaluate his options following any decision by the court, the current January 29 trial date is not feasible. A continuance is therefore warranted and necessary.

The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Darrius Marcel Mastin (doc. no. 91) is granted.

(2) The jury selection and trial, now set for January 29, 2018, are continued. A new trial and jury selection date will be set by separate order.

DONE, this the 18th day of January, 2018.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**